UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MEDICINE SHOPPE INTERNATIONAL, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:08CV90 FRB |
| ) | |
| LEE D. SIMMONDS, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This cause of action is before the Court following arbitration involving a franchisor-franchisee dispute relating to the closure and sale of a retail pharmacy. This Court has subject matter jurisdiction over this diversity case pursuant to 28 U.S.C. § 1332(a); and independent judicial review of the instant arbitration award is permissible under 9 U.S.C. § 9. Hall Street Assoc., L.L.C. v. Mattel, Inc., ___ U.S. ___, 128 S. Ct. 1396, 1402 (2008). Presently pending before the Court is plaintiff Medicine Shoppe International, Inc.'s Motion for Summary Judgment and to Confirm Arbitration Award (filed August 15, 2008/Docket No. 13). All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

Pursuant to a License Agreement entered into between plaintiff, franchisor Medicine Shoppe International, Inc. (MSI), and the defendant, franchisee Lee D. Simmonds, arbitration proceedings

were held on the underlying dispute on October 29, 2007. On December 27, 2007, the arbitrator entered an award in the matter, <u>Medicine Shoppe International, Inc. v. Lee D. Simmonds</u>, American Arbitration Association Case No. 58 114 00209 06, in plaintiff MSI's favor. (Pltf.'s Compl., Exh. 4, Award.) In its Complaint (filed January 8, 2008/Docket No. 1),[1] plaintiff claims that defendant has failed to pay the amounts set forth in the award. In its Complaint and the instant Motion for Summary Judgment, plaintiff seeks to confirm the arbitration award and requests that judgment be entered on the award in its favor. Although defendant did not respond to the instant Motion for Summary Judgment, he did challenge the award in his Answer to the Complaint (filed March 24, 2008/Docket No. 5) and therein requests the Court to vacate or, in the alternative, modify the award. For the following reasons, plaintiff's request to confirm the arbitration award should be granted.

The Federal Arbitration Act (FAA), 9 U.S.C. §§ 1, <u>et seq.</u>, provides for expedited judicial review to confirm, vacate or modify arbitration awards. 9 U.S.C. §§ 9-11. Under § 9, the Court must confirm an arbitration award unless it is vacated, modified or corrected as prescribed in §§ 10 and 11. Sections 10 and 11 provide the exclusive means by which an arbitrator's award may be vacated or modified. <u>Hall Street Assoc.</u>, 128 S. Ct. at 1403-05. The party seeking to vacate or modify an arbitration award bears the burden

---

[1] Within the body of its Complaint, plaintiff incorporated a "Motion to Confirm Arbitration Award."

of proof in establishing sufficient grounds for vacation or modification. M & A Elec. Power Coop. v. Local Union No. 702 Int'l Bhd. of Elec. Workers, AFL-CIO, 773 F. Supp. 1259, 1262 (E.D. Mo. 1991) (vacation), aff'd and remanded on other grounds, 977 F.2d 1235 (8th Cir. 1992); Utility Workers of America, Local 457 v. Ohio Edison Co., 215 F. Supp. 2d 924, 928 (N.D. Ohio 2002) (modification). In the absence of a prescribed basis to vacate or modify an arbitration award under §§ 10 or 11, the reviewing court has no discretion but to confirm the award. Hall Street Assoc., 128 S. Ct. at 1405.

As noted above, defendant has not responded to plaintiff's instant Motion for Summary Judgment. Nevertheless, in his Answer to plaintiff's Complaint, defendant seeks to vacate the award under 9 U.S.C. § 10 or, in the alternative, to modify the award under 9 U.S.C. § 11.[2] The Court will address each of defendant's challenges to the award in turn.

A. <u>9 U.S.C. § 10 – Vacating the Award</u>

Under 9 U.S.C. § 10(a), this Court may vacate an arbitration award upon the application of any party to the

---

[2]Inasmuch as these legal defenses to the arbitration award were raised in this Court within ninety days of the award, the undersigned construes these defenses as a timely request to vacate, modify or correct the award. See 9 U.S.C. § 12 (any notice of a motion to vacate, modify or correct an award must be served upon the adverse party within three months after the award is filed or delivered). See also International Bhd. of Elec. Workers, Local Union No. 323 v. Coral Elec. Corp., 576 F. Supp. 1128, 1134 (S.D. Fla. 1983); Carey Rodriguez Greenberg & Paul, LLP v. Arminak, 583 F. Supp. 2d 1288, 1289 n.1 (S.D. Fla. 2008).

arbitration –

> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

In his Answer, defendant avers that the evidence before the arbitrator demonstrated that, without authorization, MSI attempted to transfer the subject pharmacy from defendant Simmonds to another entity, and that the arbitrator knowingly disregarded this unauthorized attempted transfer when it determined to enter an award in favor of MSI. Defendant argues that the arbitrator's conduct in entering this award satisfies 9 U.S.C. § 10(a)(4) as a basis for vacating the award and, further, that such conduct demonstrates a blatant and manifest disregard for the law. Other than reciting these factual averments which he argues were presented to the arbitrator, the defendant has provided no evidence or argument to this Court to support the assertions made in his Answer

that vacation of the award is justified under 9 U.S.C. § 10(a)(4), that is, that the arbitrator exceeded his powers, or so imperfectly executed them such that a mutual, final, and definite award upon the subject matter submitted was not made.

A review of the evidence before the Court shows defendant merely to quarrel with the arbitrator's determination upon the disputed facts put before him in arbitration. It is well settled, however, that "federal courts are not authorized to reconsider the merits of an arbitral award, 'even though the parties may allege that the award rests on errors of fact or in misinterpretation of the contract.'" Boise Cascade Corp. v. Paper Allied-Indus., Chem. & Energy Workers (PACE) Local 7-0159, 309 F.3d 1075, 1080 (8th Cir. 2002) (quoting Bureau of Engraving, Inc. v. Graphic Communication Int'l Union, Local 1B, 284 F.3d 821, 824 (8th Cir. 2002) (quoting United Paperworkers Int'l Union v. Misco, Inc., 484 U.S. 29, 36 (1987))). Here, defendant argues only that the arbitrator's award cannot stand inasmuch as he made a determination adverse to defendant on the disputed facts placed before him. Even if the Court were to disagree with any factual findings made by the arbitrator, the limited review accorded the federal courts over an arbitrator's decision does not authorize this Court to substitute its judgment for that of the arbitrator hired by the parties. Schoch v. InfoUSA, Inc., 341 F.3d 785, 790 (8th Cir. 2003).

We may not set an award aside simply

> because . . . the arbitrators erred . . . in
> determining the facts. Although this result
> may seem draconian, the rules of law limiting
> judicial review and the judicial process in the
> arbitration context are well established and
> the parties here, both sophisticated in the
> realms of business and law, can be presumed to
> have been well versed in the consequences of
> their decision to resolve their disputes in
> this manner.

Id., 341 F.3d at 790-91 (citation omitted).

"Courts have absolutely no authority to reconsider the merits of an arbitration award, even when the parties allege the award rests on factual errors or on a misinterpretation of the underlying contract." McGrann v. First Albany Corp., 424 F.3d 743, 748 (8th Cir. 2005). "The bottom line is '[w]e will confirm the arbitrator's award even if we are convinced that the arbitrator committed serious error, so long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority'" McGrann, 424 F.3d at 748 (quoting Schoch, 341 F.3d at 788).

Defendant argues to the Court only that the arbitrator determined disputed facts adverse to him. Such argument is not a basis upon which this Court may vacate an arbitrator's award. Because defendant presents the Court with no other argument or evidence to demonstrate that the award should be vacated under 9 U.S.C. § 10, he has failed to satisfy his burden of proof in establishing sufficient grounds to vacate the award, and defendant's request to so vacate should be denied.

Defendant argues that the arbitrator's conduct nevertheless manifested a disregard for the law thereby justifying vacation of the award, citing Biscanin v. Merrill Lynch & Co., Inc., 407 F.3d 905 (8th Cir. 2005); Manion v. Nagin, 392 F.3d 294 (8th Cir. 2004); Stark v. Sandberg, Phoenix & von Gontard, P.C., 381 F.3d 793 (8th Cir. 2004). In Hall Street Assoc., however, the Supreme Court recently clarified that the only bases upon which an arbitration award may be vacated or modified under the FAA are those specifically set out in 9 U.S.C. §§ 10 and 11, respectively. See generally Hall Street Assoc., 128 S. Ct. 1396 (2008). The Supreme Court determined that because "manifest disregard for the law" is not a prescribed basis upon which an arbitrator's award may be vacated or modified under §§ 10 or 11, a reviewing court cannot engage in such a general review of an arbitrator's award to search for any legal error. Id. at 1404-05. Accordingly, defendant's request that the award be vacated on account of the arbitrator's manifest disregard for the law should be denied.

B.  9 U.S.C. § 11 - Modifying the Award

Under 9 U.S.C. § 11, this Court may modify an arbitration award upon the application of any party to the arbitration –

> (a) Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.
>
> (b) Where the arbitrators have awarded upon a

- 7 -

> matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted.
>
> (c) Where the award is imperfect in matter of form not affecting the merits of the controversy.

In his Answer, defendant requests that the arbitration award be modified, and specifically, that the award of attorneys' fees and costs made therein be eliminated inasmuch as the arbitrator provided no independent basis upon which to award such fees and costs. In support of this request, defendant argues only that the "award of attorneys' fees and costs was unconscionable, not supported by any factual or legal basis, and sufficient to constitute a manifest disregard for the law justifying vacating the arbitration award or alternatively modifying the award to eliminate the attorneys' fees and costs portion of said award." (Deft.'s Ans., Docket No. 5, para. 36.)

As discussed above, "manifest disregard for the law" is not a basis prescribed under § 11 upon which an arbitration award may be modified. Hall Street Assoc., 128 S. Ct. at 1403-04. As such, this Court is not permitted to undergo a general legal review to determine whether the award of attorneys' fees and costs should be eliminated. Id. at 1404-05. To the extent defendant argues generally that there existed no basis upon which the arbitrator could make such an award, the undersigned construes such argument to invoke § 11(b), that is, that the arbitrator entered an award

upon a matter not submitted to him.  Contrary to defendant's argument, however, the License Agreement at issue in this cause shows it to contain a Costs and Attorneys' Fees provision, which states that:

> The party prevailing in a judicial or arbitration proceeding or appeal thereof shall be awarded its costs and expenses including, but not limited to, reasonable accounting, paralegal, expert witness and attorneys' fees, and arbitrators' fees, whether incurred prior to, in preparation for, or in contemplation of the filing of any written demand, claim, action, hearing, or proceeding to enforce the obligations of this Agreement.

(License Agreement, Section 14.M, Costs and Attorneys' Fees.)

The License Agreement likewise permits the arbitrator to make such an award of attorneys' fees and costs:  "The arbitrator shall have the right to award or include in his award any relief which he deems proper in the circumstances including, without limitation, . . . attorneys' fees and costs[.]"  (Id. at Section 14.G, Arbitration.) It is apparent, therefore, that the arbitrator's award of attorney's fees and costs draws its essence from the License Agreement itself. Such an award is enforceable. Misco, Inc., 484 U.S. at 36 ("As long as the arbitrator's award 'draws its essence from the [ ] agreement,' and is not merely 'his own brand of industrial justice,' the award is legitimate.") (quoting United Steelworkers of Am. v. Enterprise Wheel & Car Corp., 363 U.S. 593, 597 (1960)); Landy Packing Co. v. Amalgamated Meat Cutters & Food Handlers of North Am.

AFL-CIO, Dist. Local 653-653A, 471 F. Supp. 1218, 1223 (D. Minn. 1979).

Defendant argues to the Court only that the arbitrator lacked a sufficient basis upon which to award attorneys' fees and costs. Because the evidence before the Court shows such award to have drawn its essence from the License Agreement, defendant's argument is without merit. Defendant presents the Court with no other argument or evidence to demonstrate that the award should be modified under 9 U.S.C. § 11. As such, defendant has failed to satisfy his burden of proof in establishing sufficient grounds to modify the award, and defendant's request to so modify should be denied.

C. 9 U.S.C. § 9 – Confirming the Award

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in section 10 and 11 of this title.

9 U.S.C. § 9.

The License Agreement entered into between the parties here sets out their agreement for a judgment of this Court to be entered upon an award made pursuant to arbitration under the Agreement. (License

Agreement, Section 14.G, <u>Arbitration</u>; Section 14.I, <u>Forum and Venue</u>.) The arbitrator's award on the underlying dispute was made in favor of plaintiff MSI on December 27, 2007. Plaintiff's Complaint, in which it moved to confirm the arbitration award, and the instant Motion for Summary Judgment and to Confirm Arbitration Award are timely filed under 9 U.S.C. § 9 inasmuch as they were filed within one year after the award was made. Because defendant has presented the Court with no basis upon which to vacate or modify the award, this Court must confirm the award under the dictates of 9 U.S.C. § 9.

D. <u>Post-Judgment Interest, Attorneys' Fees and Costs</u>

In its Complaint, as well as in the instant Motion for Summary Judgment and to Confirm Arbitration Award, plaintiff seeks an award of post-judgment interest. In its Motion for Summary Judgment, plaintiff appears to contend that the rate of such post-judgment interest is that prescribed by 28 U.S.C. § 1961 determined for the date upon which this Court's judgment confirming the arbitration award is entered. (<u>See</u> Deft.'s Memo. in Supp. of Mot., Docket No. 14, p.9 n.52.)

A review of the arbitration award shows the arbitrator to have included post-judgment interest in the award at set rates on the amount due for past due license fees, on the amount due under the Security Agreement and Note, and on the amount due for product sales. (Pltf.'s Compl., Exh. 4, Award.) In confirming this award,

this Court will not disturb the arbitrator's decision as to post-judgment interest. In light of the arbitrator's specific and precise award with respect to post-judgment interest on the above matters, the Court will not disturb the arbitrator's silence regarding post-judgment interest on the award of attorneys' fees and expenses incurred by plaintiff in arbitration. See, e.g., Uhl v. Komatsu Forklift Co., Ltd., 466 F. Supp. 2d 899, 911 (E.D. Mich. 2006); cf. McClelland v. Azrilyan, 31 F. Supp. 2d 707, 713 (W.D. Mo. 1998) (where written opinion of arbitrator is silent on issue of post-award interest, court should look to arbitration forum's rules in determining method for calculating interest).

Plaintiff contends that the amount of post-judgment interest on the arbitrator's award should be determined as of the date of this Court's judgment. When a reviewing court confirms an arbitration award, however, the *award* is conclusive as to the rights of the parties; that is, the rights of the parties are determined from the date of the award and not the date of the court's judgment confirming the award. Marion Mfg. Co. v. Long, 588 F.2d 538, 541 (6th Cir. 1978); McClelland, 31 F. Supp. 2d at 713. As such, any amount of post-judgment interest on the arbitration award shall be calculated from the date of the award and not from the date of this Court's judgment confirming the award. McClelland, 31 F. Supp. 2d at 713 (citing Marion Mfg. Co., 588 F.2d at 541).

To the extent plaintiff seeks an award of attorneys' fees

and costs incurred in this action pursuing confirmation of the arbitrator's award, such issue is more appropriately addressed in accordance with this Court's Local Rules 8.02 and 8.03.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion for Summary Judgment and to Confirm Arbitration Award (Docket No. 13) is granted.

**IT IS FURTHER ORDERED** that the arbitration award entered December 27, 2007, is hereby confirmed in its entirety and judgment confirming such award is entered herewith.

*[signature: Frederick R. Buckles]*
UNITED STATES MAGISTRATE JUDGE

Dated this _11th_ day of February, 2009.