UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MEDICINE SHOPPE INTERNATIONAL, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 4:08CV90 FRB |
| LEE D. SIMMONDS, | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Presently pending before the Court is plaintiff Medicine Shoppe International, Inc.'s (MSI's) Verified Motion for Attorneys' Fees and Costs (filed March 3, 2009/Docket No. 17). All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

This action followed arbitration proceedings which involved a franchisor-franchisee dispute relating to the closure and sale of a retail pharmacy. Pursuant to a License Agreement entered into between franchisor MSI and franchisee Lee D. Simmonds, the defendant here, arbitration proceedings were held on the underlying dispute on October 29, 2007. On December 27, 2007, the arbitrator entered an award in the matter, <u>Medicine Shoppe International, Inc. v. Lee D. Simmonds</u>, American Arbitration Association Case No. 58 114 00209 06, in plaintiff MSI's favor. Claiming that defendant failed to pay the amounts set forth in the award, plaintiff brought the instant cause of action seeking to confirm the arbitration award and requesting that judgment be entered on the award in its favor. In a Memorandum and Order

entered February 11, 2009, this Court granted plaintiff's Motion for Summary Judgment and to Confirm Arbitration Award, and Judgment for plaintiff was entered that same date confirming the arbitrator's award in its entirety. (Docket Nos. 15, 16.) Plaintiff now seeks an award of attorneys' fees and costs and has filed a memorandum documenting its request. Defendant has not responded to the motion and the time for doing so has passed.

The License Agreement entered into between the parties provides for an award of reasonable attorneys' fees to "[t]he party prevailing in a judicial . . . proceeding" related to the enforcement of the obligations of the Agreement. (License Agreement, Section 14.M, Costs and Attorneys' Fees.) Missouri law governs the reasonableness of the fee award. (Id., Section 14.H, Governing Law.) In determining the reasonableness of requested attorneys' fees under Missouri law, the Court must examine the time expended; the nature, character and amount of the services rendered; the nature and importance of the litigation; the degree of responsibility imposed on the attorney; the amount of money involved; the degree of professional ability; skill and experience called for and used; and the result obtained. Roberts v. Rider, 924 S.W.2d 555, 558-59 (Mo. Ct. App. 1996) (quoting Murphy v. Grisham, 625 S.W.2d 215, 217 (Mo. Ct. App. 1981)).

In the instant motion and supporting memorandum, plaintiff seeks fees in the amount of $11,777.87 averring that such fees represent 48.9 hours of attorney and paralegal time expended in this cause. A review of the documentation submitted in support of the

instant motion shows such requested fees to be reasonable.[1]  In making this determination, the undersigned has considered the time expended by counsel in this cause; the nature, character and amount of the services rendered; the nature and importance of the litigation; the degree of responsibility imposed on the attorney; the amount of money involved; the degree of professional ability, skill and experience called for and used; and the excellent results obtained.

Within the instant motion for fees, plaintiff also requests costs in the amount of $359.00 representing fees of the clerk and shipping fees.  Under Local Rule 8.03(A), however,

> [a] party seeking an award of costs shall file a verified bill of costs, *in the form prescribed by the Clerk,* no later than twenty (20) days after entry of final judgment pursuant to Fed. R. Civ. P. 58.  Failure to file a bill of costs within the time provided may constitute a waiver of taxable costs.

(Emphasis added.)

A review of the Memorandum and Order entered February 11, 2009, shows the Court to have specifically directed plaintiff to Local Rule 8.03 to the extent plaintiff sought an award of costs in this matter. Plaintiff's instant request for costs, however, is not in the form required by, and thus does not comply with Local Rule 8.03(A).  In light of the Court's specific direction that plaintiff act in

---

[1]The documentation submitted in support of plaintiff's request shows counsel to have in fact expended a total of 49.6 hours in this matter, incurring legal fees of $12,052.12. Without knowledge of possible discounted rates or other fee arrangements between counsel and its client, the Court is reluctant to award fees in excess of those actually requested.

accordance with Local Rule 8.03, the Court determines that plaintiff's failure to do so constitutes a waiver of taxable costs. Therefore, plaintiff's requested costs in the amount of $359.00 shall be disallowed.

Accordingly, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that plaintiff Medicine Shoppe International, Inc.'s Verified Motion for Attorney's Fees and Costs (Docket No. 17) is granted to the extent plaintiff seeks attorneys' fees in this matter, and denied in all other respects.

**IT IS FURTHER ORDERED** that plaintiff Medicine Shoppe International, Inc., shall recover of defendant Lee D. Simmonds attorneys' fees in the amount of Eleven Thousand, Seven Hundred Seventy-Seven and 87/100 Dollars ($11,777.87).

An appropriate Judgment for attorneys' fees is entered herewith.

*Frederick R. Buckles*
UNITED STATES MAGISTRATE JUDGE

Dated this  13th  day of April, 2009.